UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:22-00035-02

BRITTANY ELLEN FLINT

SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On January 8, 2025, the United States of America appeared by Judson C. MacCallum, Assistant United States Attorney, and the defendant, Brittany Ellen Flint, appeared in person and by her counsel, Olubunmi T. Kusimo-Frazier, for a hearing on the petition seeking revocation of supervised release submitted by Senior United States Probation Officer Justin L. Gibson.  The defendant commenced a 3-year term of supervised release in this action on February 15, 2023, as more fully set forth in the Judgment in a Criminal Case entered by the court on September 9, 2022.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of her supervised release as follows: (1) on each May 30, 2023 and June 28, 2023, the defendant submitted a urine specimen that tested positive for fentanyl and norfentanyl, and on June 14, 2023, the defendant verbally admitted using the substance on or around the date of the May 30, 2023 urine screen; (2) on June 21, 2023, the defendant submitted a urine specimen that tested positive for morphine, fentanyl and norfentanyl; (3) on July 10, 2023, the defendant signed a voluntary admission form acknowledging her use of fentanyl every two to three days beginning in June 2023, with her last reported use on July 8, 2023; (4) on March 28, 2024, while only admitting to the handling of methamphetamine, the defendant submitted a urine specimen that tested positive for methamphetamine, and the urine specimen was confirmed positive for the presence of methamphetamine by the national testing laboratory on April 3, 2024; (5) in June of 2024, the defendant was approved to reside at 709 6th Avenue, Apartment 13, Huntington, West Virginia, and by November 15, 2024, the defendant no longer resided at that apartment and failed to

notify the probation officer of a change in her residence resulting in her whereabouts being unknown to the Probation Office through the filing of the Petition on December 3, 2024, having absconded supervision; (6) in July 2024, the defendant lost her employment and failed to notify the probation officer of her change in her employment status; (7) the defendant, previous to June 8, 2023, consorted with Kenneth Taylor, a convicted felon, and on July 10, 2023, after being directed by the probation officer to avoid further contact with Mr. Taylor, she admitted that she had continued to maintain physical contact with Mr. Taylor during the last few weeks without being granted permission from the probation officer to associate with Mr. Taylor; (8) on or about August 3, 2023, the probation officer directed the defendant to enter and successfully complete long-term residential substance abuse programming after she completed the short-term program, and after completing the short term program on August 28, 2023, the defendant transitioned into the long-term Renaissance program and on September 10, 2023, she was terminated from the Renaissance program because a male was found in her room, in violation of the rules of the facility; and, (9) on October 29, 2024, the defendant failed to report to the probation office as instructed; all as admitted by the defendant, and all as set forth in the petition on supervised

release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS coupled with THIRTY (30) MONTHS of supervised release upon the terms and conditions set forth on Administrative Office form 245B, attached hereto as Exhibit A, and on the terms and conditions as set forth in the court's

Local Rules of Criminal Procedure 32.3, attached hereto as Exhibit B, and the further special condition set forth below.

1. You must participate in and successfully complete a 9-to-12-month residential drug treatment program.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

    The defendant was remanded to the custody of the United States Marshal.

    The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshals.

    DATED:  January 13, 2025

    John T. Copenhaver, Jr.
    Senior United States District Judge

## AO 245B STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you

P a g e  1 | 2

Exhibit A

must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

Exhibit A

LOCAL RULES OF CRIMINAL PROCEDURE FOR THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LR Cr P 32.3. <u>Standard Conditions of Probation and Supervised Release in all Criminal Cases</u>

In addition to the Standard Conditions of Supervised Release and Probation promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the following six conditions are forthwith adopted as standard conditions of probation and supervised release for all defendants sentenced in criminal cases in the District.

(1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

(2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

(3) As directed by the probation officer, the defendant will make co-payments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

(4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

(5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), and shall reside in a residence free from such items.

(6) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

Exhibit B